# CSM Legal, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165
ramsha@csm-legal.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

June 3, 2022

**VIA ECF**
Hon. Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, NY 10007

> Re:     Perez et al. v. Third Avenue Food Corp., et al.
>          Index No.: 20-cv-09832-PGG-JLC

Your Honor:

This office represents Plaintiffs in the above-referenced matter. This letter is written jointly with Defendants' counsel to respectfully request that the Court approve the settlement agreements ("the Agreements") reached by the parties herein as "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012). A copy of the Agreement between Plaintiffs and Defendants Third Avenue Food Corp., and Gus Kassimis, is attached hereto as Exhibit A. A copy of the Agreement between Plaintiffs and Defendant Hong Liu is attached hereto as Exhibit B.

Plaintiffs have agreed to settle all of their claims in this action. Specifically, the parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement, and dismissal of all claims with prejudice, in exchange for the consideration set forth in the Agreements. The Agreements are the result of arms-length bargaining between experienced counsel. There was no fraud or collusion by any of the parties during the settlement process. The Agreements reflect a desire by the parties to fully and finally settle and compromise all of Plaintiffs' claims asserted in this case as outlined more specifically in the attached Agreements.

The parties have concluded that the Agreements are fair, reasonable, adequate, and in their mutual best interests. Counsel for Third Avenue Food Corp., and Gus Kassimis advised that Defendant Jamie Doe A.K.A Jimmy is an unidentifiable individual. As such, in light of the terms of the Agreements, Plaintiffs have agreed to voluntarily dismiss Defendant Jaime Doe A.K.A Jimmy with prejudice pending dismissal of this action. In addition, in light of the terms of the Agreements, Defendant Hong Liu has agreed to dismiss her cross-claims against Defendants Third Avenue Food Corp., Gus Kassimis, and Jaime Doe with prejudice pending dismissal of the action. For these reasons, and based on the reasons set forth below, the parties respectfully request that that Court enter an Order approving the Agreements as fair and reasonable.

I.     **Background**

Plaintiffs filed a Complaint and an Amended Complaint against Defendants alleging claims for unpaid overtime compensation; the failure to provide wage notices; the failure to provide accurate wage statements; the recovery of equipment costs; unlawful deductions from wages; and

June 3, 2022
Page 2

the failure to pay wages on a timely basis, along with liquidated damages, interest, attorneys' fees, and costs pursuant to, *inter alia*, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and applicable regulations. Plaintiffs allege that they are entitled to back wages of approximately $2,025.00 and would be entitled to approximately $34,070.00 if they had recovered in full for their claims, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. A copy of Plaintiffs' damages chart, breaking down each amount sought from Defendants, is attached hereto as Exhibit C.

Plaintiffs contend they were employed by Defendants' restaurant, located at 283 3rd Avenue, New York, NY 10010 under the name "Tivoli Cafe." Plaintiffs allege that they were employed by Defendants from approximately 2017 until on or about September 2020. Plaintiffs allege that Defendants engaged in a variety of FLSA and NYLL violations, including the failure to pay lawful wages and notice and recordkeeping violations.

Defendants deny the allegations in the Complaint and Amended Complaint, deny any wrongdoing, and deny any liability that might cause Plaintiff to be entitled to the above-claimed sums.

## II.    The Proposed Settlement is Fair and Reasonable

The parties have agreed to settle this action for the total sum of $18,000.00. Plaintiffs have agreed to settle this action with Defendants Third Avenue Food Corp., and Gus Kassimis, and for $11,000.00. Plaintiffs have agreed to settle this action with Defendant Hong Liu for $7,000.00. Pursuant to the Agreements, the Settlement Amount shall be due thirty days after the Court's approval of the Agreement and the dismissal of this action with prejudice. Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07-cv-00086, 2008 U.S. Dist. LEXIS 46174, at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09-cv-08337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.")

The proposed settlement represents a reasonable compromise between the strengths and weaknesses of the parties' respective positions. Having conferred with Defendants, it became clear that there were contested factual and legal disputes. Defendants Third Avenue Food Corp., and Gus Kassimis, produced records which purported to show the hours Plaintiffs worked and the wages they did earn. Accordingly, Defendants alleged that, even if Plaintiffs succeeded on liability, their damages were not near what Plaintiffs claimed them to be. Defendants Third Avenue Food Corp., and Gus Kassimis, also produced financial records showing their limited financial resources to settle Plaintiff's claims or satisfy a judgment. Therefore, it would have been difficult for Plaintiffs to enforce a large judgment against Defendants and collect it in full. Lastly, Defendants Third Avenue Food Corp., and Gus Kassimis, produced the stock purchase agreement with Defendant Hong Liu dated June 2020. Defendant Liu argued that Plaintiffs worked for Defendants Third Avenue Food Corp., and Gus Kassimis, longer than Plaintiffs worked for Defendant Liu. As

June 3, 2022
Page 3

such, Defendant Liu argued a settlement should be proportional to the limited time that Plaintiffs worked at the subject restaurant during which she has an ownership interest in it.

Considering these risks, and the inherent risks, burdens, and expenses of proceeding to trial, Plaintiffs believe that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.")

### III.    Plaintiffs' Attorneys' Fees are Fair and Reasonable

Plaintiffs' counsel will receive a total of $6,429.33 from the settlement fund as attorneys' fees and costs. This represents one third of the total recovery in this litigation which represents a negative multiplier of the lodestar amount. Sixty percent (60%) of the total attorneys' fees is being taken from Defendants Third Avenue Food Corp., and Gus Kassimis, in the amount of $3,857.60. Forty percent (40%) of the total attorneys' fees is being taken from Defendant Hong Liu in the amount of $2,571.73.

Plaintiffs' counsel's lodestar in this case is $7,540.00 and Plaintiffs' costs are $644.00. A copy of Plaintiffs' billing record is attached as "Exhibit D." The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15-cv-01324 (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 ,at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. 41, 60 (E.D.N.Y. 2010); *see also McDaniel v. City. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Below is a brief biography of the attorneys who performed billable work on behalf of Plaintiffs, including the effective billable rates which Plaintiffs respectfully request the Court to apply should the Court undertake a lodestar analysis of the fairness of such fees (*see*, e.g, *Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*, 493 F. 3d 110 (2d Cir. 2007)):

    i.    Michael Faillace, Esq. ("MF"), was the Managing Member of Michael Faillace & Associates, P.C., which is now CSM Legal, P.C., and was in practice from 1983 to November 5, 2021[1]. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). He taught employment anti-discrimination law as an Adjunct Professor at Fordham University School of Law beginning in 1992 and at Seton Hall University Law School from 1995 to 1998, and he is a nationally-renowned speaker and writer on

---

[1] No funds will be distributed to Mr. Faillace unless an application is made to the Court on his behalf and an order is entered to that effect.

employment law.  He is also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by the Practicing Law Institute, and other employment law publications and presentations.  His work was billed at the rate of $450.00 per hour, his standard billing rate for matters paid on an hourly basis. Courts have routinely held that hourly fees of $450.00, or even $500.00, for counsel with Mr. Faillace's level of experience (37 years) and expertise are reasonable.  *See*, *e.g., Manley v. Midan Rest. Inc.*, No. 14-cv-01369 (S.D.N.Y. March 27, 2017), Doc. No. 42 at *32, 35-37 (fees of $500 per hour for FLSA litigator with 34 years of experience).

  ii.  I, Ramsha Ansari have been a Litigation Associate at CSM Legal, P.C since January 2022. I am reflected in Exhibit D as "RA" and billed at a rate of $300 per hour. I graduated from Brooklyn Law School in 2020 and am admitted to the New York Bar, United States District Court Southern District of New York, and the United States District Court, Eastern District of New York. Prior to joining this firm, I worked as an associate at a firm's Labor and Employment Department representing Plaintiffs in discrimination, sexual harassment, and wage and hour lawsuits.

  iii.  Work performed by paralegals ("PL") are billed at the rate of $125 per hour, well within a range of rates for paralegal work that courts have routinely approved. "[H]ourly rates for paralegals to $100 to $150 per hour are typical for awards in this [d]istrict." *Diaz-Caballero v. Midtown Catch Corp.*, No. 18 Civ. 4672 (AT), 2020 WL 8880944, at *2 (S.D.N.Y. Apr. 15, 2020) (alterations in original) (citiation omitted) (finding that the party labeled "PL" was a paralegal and holding that the requested hourly rate of $100 was reasonable; *see also Quic v. Uncle Mario's Brick Over Pizza LLC*, No. 20 Civ. 8712 (RA), 2021 WL 4710794, at *2 (S.D.N.Y. Oct. 7, 2021) (approving proposed hourly rate of $125 for individual with initials "PL" from same firm).

  Should Your Honor have any questions or concerns regarding this settlement, the Parties are happy to address them.

  We thank the Court for its time and consideration of this matter.

       Respectfully submitted,


       /s Ramsha Ansari_____
       Ramsha Ansari, Esq
       CSM Legal, P.C.
       *Attorneys for Plaintiff*


cc: All Counsel (via ECF)